**Jay A. ZEFFIRO**

v.

**FIRST PENNSYLVANIA BANK, N.A.**

v.

**CAPITAL FIRST CORPORATION, et al.**

**Harry M. BERNARD, Jr.**

v.

**FIRST PENNSYLVANIA BANK, N.A., et al.**

v.

**CAPITAL FIRST CORPORATION, et al.**

Civ. A. Nos. 78–3294, 78–4316.

United States District Court, E.D. Pennsylvania.

July 5, 1983.

See also, D.C., 96 F.R.D. 567.

Richard A. Finberg, Michael P. Malakoff, Pittsburgh, Pa., Abraham C. Reich, Philadelphia, Pa., Joseph W. Anthony, Minneapolis, Minn., for plaintiff.

Edward F. Mannino, Mark J. Levin, Philadelphia, Pa., for First Pennsylvania Bank.

Alexander Kerr, Philadelphia, Pa., for Capital First Corp.

Edward M. Dunham, Jr., Philadelphia, Pa., for Philip M. Comerford, Harmon S. Spolan & Spector Cohen Gadon & Rosen.

Neil E. Jokelson, Philadelphia, Pa., for C. Lawrence Rutstein.

Arthur J. Schwab, Pittsburgh, Pa., Christopher K. Walters, Philadelphia, Pa., for Edward E. Cohen.

Richard M. Jordan, Philadelphia, Pa., for Robert C. Arthurs & Babbitt, Meyers & Co.

Barry S. Augenbraun, Philadelphia, Pa., for Laventhol & Horwath.

## MEMORANDUM

BECHTLE, District Judge.

This is a class action suit against an indenture trustee, First Pennsylvania Bank, N.A. (the "Bank" or "First Pennsylvania"), for breach of fiduciary duty under the Trust Indenture Act of 1939, 15 U.S.C. § 77aaa *et seq.* On April 25, 1983, the Court entered an Order granting summary judgment in favor of third-party defendant Spector, Cohen, Gadon & Rosen ("SCG & R") and against third-party plaintiff First Pennsylvania. This Memorandum is entered in support of that Order.

The facts of the case have been set out in a number of prior decisions and need not be repeated here.[1] A brief recitation of the

1. *Zeffiro v. First Pennsylvania Banking and Trust Co.,* 473 F.Supp. 201 (E.D.Pa.1979), aff'd, 623 F.2d 290 (3d Cir.1980), *cert. den.,* 456 U.S. 1005, 102 S.Ct. 2295, 73 L.Ed.2d 1299 (1982);

procedural history, however, would be helpful.

Plaintiffs initiated the present actions against First Pennsylvania in 1978 for an alleged failure to comply with certain indenture obligations. Thereafter, from July 31, 1979 to June 1, 1982, all proceedings in this Court were stayed while first the Third Circuit and then the Supreme Court of the United States considered on interlocutory appeal whether the Trust Indenture Act created a federal cause of action in favor of debenture holders. *See Zeffiro v. First Pennsylvania Banking and Trust Co.,* 623 F.2d 290 (3d Cir.1980), *cert. den.,* 456 U.S. 1005, 102 S.Ct. 2295, 73 L.Ed.2d 1299 (1982). Upon receiving appellate affirmation that such a cause of action did exist, in July of 1982, First Pennsylvania filed answers to the complaints and additionally filed third-party claims for contribution or indemnity against many of the former officers and directors of Capital First Corporation, as well as Capital First's accountants, and the "successor" to its counsel, SCG & R. The Bank alleged that these third parties had intentionally or negligently misrepresented to the Bank the existence of security for the debentures. The third-party claim against SCG & R was in effect a claim for professional malpractice by a non-client for an alleged failure on the part of the firm to take the necessary steps to ensure protection of the non-client's interests. Upon review of the parties' memoranda, counsel's positions at oral argument and the pertinent authorities, the Court determined that there were no genuine issues of material fact and that the third-party claim against SCG & R was without merit as a matter of law. Accordingly, summary judgment was entered in its favor.[2]

First Pennsylvania's position on its third-party claim for malpractice is that under the terms of the trust indenture, of which it was trustee and Capital First was obligor, counsel for Capital First was required to perform certain documental reviews in order to ensure that First Pennsylvania had a perfected first priority security interest in the collateral assigned to it. First Pennsylvania contends that Capital First's counsel failed to perform its obligations under the indenture and that as a direct result the Bank was injured when a default by Capital First revealed that the collateral was insufficient. By implication First Pennsylvania asserts that Capital First's counsel owed it a duty in the performance of certain services for Capital First and that counsel's alleged nonfeasance concerning those services was a breach of that duty giving rise to a liability in favor of the Bank.

Although the question was subject to doubt at the time First Pennsylvania filed its claim, the Pennsylvania Supreme Court recently confirmed that strict privity is a prerequisite to an action for legal malpractice in Pennsylvania. *Guy v. Liederbach,* —— Pa. ——, 459 A.2d 744 (1983). Since there is admittedly no privity between First Pennsylvania and SCG & R, SCG & R is entitled to summary judgment on the malpractice claim.

The Court's Order has already been entered.

---

2. The appropriate standard against which to judge a motion for summary judgment was set out in *Federal Laboratories, Inc. v. Barringer Research, Ltd.,* 696 F.2d 271 (3d Cir.1982).